# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

December 8, 2020

**BY EMAIL AND ECF**

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   **United States v. Mitchell Jackson**, 16 Cr. 516 (PKC)

Dear Judge Castel:

*[Handwritten order: For good cause shown, Mitchell Jackson's supervised release is terminated effective with the entry of this Order. SO ORDERED / USDJ / 2-23-21]*

I write on behalf of my client, Mitchell Jackson to respectfully request the early termination of his term of supervised release. Neither Probation nor the Government object to this request.

Mr. Jackson was released from custody on February 22, 2019 and has been on supervised release since that time. He has been on the low-risk caseload since January 2020. His term of supervision is set to expire on February 21, 2022.

Mr. Jackson has been fully compliant with the terms of his supervision. His supervising Probation Officer Claudell Brehon has informed me that Mr. Jackson has adjusted well to supervision. His has maintained a stable residence with his daughter. He maintained stable employment until the shutdown that resulted from the pandemic. He works in the film and television industry and had been working full time on television sets when the industry shut down. More recently, as filming has resumed sporadically, he has been called in to work on some commercial shoots. He works 12-hour shifts securing parking for equipment trucks. He has been on the low-risk supervision caseload for almost a year, since January 2020, and has maintained compliance with the conditions of his supervision.

As the Court predicted at Mr. Jackson's sentencing, his family has continued to support him and has been there to aid his transition. He lives with his daughter and is so grateful that his 93-year-old mother, who he describes as "stronger than me, stronger than you," is still around to offer her support, even if it is in a socially distant manner during the pandemic. One of the precipitating factors that led to his conviction was a deep depression into which he sunk after he lost his job. The fact that he has continued to succeed on supervised release even after his steady employment disappeared in March underscores his rehabilitation.

Hon. P. Kevin Castel  December 8, 2020
United States District Judge  Page 2

**RE:** <u>**United States v. Mitchell Jackson**</u>**, 16 Cr. 516 (PKC)**

The Court may terminate an individual's supervised release "at any time after the expiration of one year… if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, courts are directed to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7)," essentially the same factors a court considers at sentencing. 18 U.S.C. § 3583(e).[1]

"Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends…" *United States v. Johnson*, 529 U.S. 53, 59 (2000). Mr. Jackson's performance on supervision makes clear that he has, in fact, successfully reintegrated to his community. At the conclusion of Mr. Jackson's sentencing, the Court expressed its hope that Mr. Jackson would be able to put the case behind him "and continue on a path of a productive life." Sentencing Tr. at 18. For almost two years, he has demonstrated that he is on the path of a productive life. The termination of his supervision will allow him to truly put this case behind him and become a fully integrated back into his community.

Thank you for your time and consideration of this matter.

Respectfully submitted,
/s/
Peggy Cross-Goldenberg
Supervising Trial Attorney
Federal Defenders of New York
646-588-8323
Peggy_cross-goldenberg@fd.org

Cc:  AUSA Matthew Shahabian
     USPO Claudell Brehon

---

[1] A court is not required to find "exceptional" circumstances to order early termination. That language does not appear in the statute. *United States v. Lussier*, 104 F.3d 32 (2d Cir. 1997), is often cited for this language. However, *Lussier*'s holding concerns the legality of modifying a restitution order post-sentencing. The court did not hold that exceptional circumstances were required for early termination – the only mention of such an idea is when the court noted, in passing, that "[o]ccasionally, changed circumstances-for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release- will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36. To the extent that the Court determines it must find exceptional or changed circumstances here, it should find them based on Mr. Jackson's full compliance, employment history, and strong family ties.